**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORMA GARCIA ESTRADA; et al., | No. 17-73127 |
| Petitioners, | Agency Nos. A208-124-199 |
| v. | A208-124-200 |
| | A208-124-201 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2022**
San Francisco, California

Before: BEA, CHRISTEN, and BRESS, Circuit Judges.

Petitioner Norma Garcia Estrada seeks review of the denial of her

application for withholding of removal and asylum. Garcia Estrada bases her

claims on gang-related threats of violence she experienced in Mexico, as well as on

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

her status as a survivor of domestic abuse.  The Immigration Judge (IJ) and Board of Immigration Appeals (BIA) denied her applications after making an adverse credibility determination, an adverse credible fear determination, and a finding of no nexus with regard to her domestic violence claim.  We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.[1]

Garcia Estrada argues the BIA abused its discretion by affirming the IJ's findings that she did not have a well-founded fear of persecution and that she had not shown a nexus to a protected social group.  But the IJ independently denied Garcia Estrada's claims based on an adverse credibility determination, and she has forfeited any challenge to this determination by failing to raise it in her opening brief.  *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).  Because the adverse credibility determination is independently dispositive, we deny the petition.

**PETITION DENIED.**

---

[1]     Because the parties are familiar with the facts, we do not recite them here.